

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut*  *www.justice.gov/usao/ct*
*06510*

April 5, 2022

Michael Sheehan, Esq.
Sheehan & Reeve, LLC
350 Orange Street, Suite 101
New Haven, CT 06511

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
4/5/2022                                  20
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

Re:   *United States v. Robert Rallo*
       Case No. 3:20CR00086(KAD)

Dear Attorney Sheehan:

This letter confirms the conditional plea agreement between your client, Robert Rallo (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

### THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant to plead agrees to plead guilty to the Superseding Indictment charging violations of 18 U.S.C. § 1951(a) (Interference with Commerce by Robbery) as charged in Count One; 18 U.S.C. § 924(j) (Firearm-Related Murder/Hobbs Act Robbery) as charged in Count Two and 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property) as charged in Count Three.

### COUNT ONE: INTERFERENCE WITH COMMERCE BY ROBBERY

Title 18, United States Code, Section 1951(a) (Hobbs Act robbery), requires that the following elements be proven:

1. The defendant obtained property from another without that person's consent;

2. The defendant did so by wrongful use of actual or threatened force, violence, or fear; and

*Michael Sheehan, Esq.*
*Page 2*

    3.    As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

### COUNT TWO: FIREARM RELATED MURDER/HOBBS ACT ROBBERY

Title 18, United States Code, Section 924(J)(1) (Firearm Related Murder/Hobbs Act Robbery), requires that the following elements be proven:

1. The defendant committed a crime of violence, that is Hobbs Act Robbery as charged in Count One in the Superseding Indictment;

2. That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm or aided and abetted in the use or carrying of a firearm; and

3. That in the course of using or carrying that firearm, the defendant caused the death, or aided and abetted in causing the death of Mark Vuono through the use of that firearm.

### COUNT THREE: INTERSTATE TRANSPORTATION OF STOLEN PROPERTY

Title 18, United States Code, Section 2314 (Interstate Transportation of Stolen Property), requires that the following elements be proven:

1. The defendant transported in interstate commerce items of stolen property as described in the Superseding Indictment;

2. At the time of such transportation, the defendant knew that the property had been stolen; and

3. The items had a value of $5,000 or more.

### THE PENALTIES

#### Imprisonment

The offense charged in Count One carries a maximum penalty of 20 years of imprisonment. The offense charged in Count Two carries a maximum penalty of life in prison or death. The offense charged in Count Three carries a maximum penalty of 10 years of imprisonment.

#### Supervised Release

In addition, with regards to Counts One and Three, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years with no

*Michael Sheehan, Esq.*
*Page 3*

credit for time already spent on supervised release. As for Count Two, the Court may impose a term of supervised release of not more than five years to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve an additional five years of imprisonment under 18 U.S.C. § 3583(e) with no credit for the time already spent on supervised release.

### Fine

Each offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted

### Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

### Forfeiture

The defendant agrees to forfeit all right, title and claim in the jewelry found on March 30, 2020 in Paul Prosano's apartment at 927 69th Street, #2R, Brooklyn, NY 11204 and seized from Prosano's BMW X3 by law enforcement on April 3, 2020 pursuant to a federal search warrant. Finally, the defendant agrees to forfeit all right, title and claim in the gold cross necklace taken by Westchester Correctional Facility officers on April 20, 2020.

*Michael Sheehan, Esq.*
Page 4

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant

*Michael Sheehan, Esq.*
*Page 5*

has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. Because the three counts involve substantially the same harm, they are grouped together under U.S.S.G. § 3D1.2(a).

The defendant's base offense level under U.S.S.G. § 2B3.1 for Count One is 20. Pursuant to U.S.S.G. § 2B3.1(b)(2)(A), a further 7 levels are added because a firearm was discharged during the course of the robbery. A further 1 level is added pursuant to U.S.S.G. § 2B3.1(b)(6) because a firearm was taken from Marco Jewelers during the course of the robbery. Additionally, a further two levels are added pursuant to U.S.S.G. § 2B3.1(b)(7)(C) because the loss to Marco Jewelers exceeded $95,000, but was less than $500,000. This initial adjusted offense level of 30, however, is increased to 43, pursuant to the cross-reference in U.S.S.G. § 2B3.1(c), and the application of U.S.S.G. § 2A1.1(a).

Under U.S.S.G. § 2B3.1(c), and the application of U.S.S.G. § 2A1.1(a) the defendant's base offense level for Count Two is 43 because the defendant killed the victim during the course of the robbery.

Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level for Count Three is 7. A further 12 levels are added pursuant to U.S.S.G. § 2B1.1(b)(1)(G)(loss greater than $250,000 but less than $550,000). A further 2 levels are added pursuant to U.S.S.G. § 2B1.1(b)(3) because a revolver was taken from the person of Mark Vuono. However, pursuant to the cross-reference in

U.S.S.G. § 2B1.1(c)(1)(A)(firearm was taken), the Guidelines direct the application of U.S.S.G. § 2K2.1(a)(2). Under U.S.S.G. §2K2.1(a)(2), because the defendant has sustained at least two felony convictions for a crime of violence, his base offense level is 24. Because between 3 and 7 firearms were involved in the offense, a further 2 levels are added pursuant to U.S.S.G. § 2K2.1(b)(1)(A). Because the stolen firearm was used in connection with another felony offense, i.e. Murder, a further 4 levels are added pursuant to U.S.S.G. § 2K2.1(b)(6)(A), which would have resulted in an adjusted offense level for Count Two of 30. But, pursuant to the cross-reference of U.S.S.G. § 2K2.1(c)(1)(B), the proper Guideline section is U.S.S.G. § 2A1.1, so the defendant's base offense level, as in Count One, is 43.

Under U.S.S.G. § 3D1.3, the offense level applicable to the group is 43 because that is the offense level of each of the counts in the group. After a three-level reduction for acceptance of responsibility, the adjusted offense level is 40.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category IV. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 40, assuming a Criminal History Category IV, would result in a range of 360 months to life in prison (sentencing table) and a fine range of $ 50,000 to $500,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of two years to five years pursuant to U.S.S.G. § 5D1.2.

Conditional Nature of Agreement

The defendant and the Government agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence of between 25 years and life in prison is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. § 3553(a). The defendant and the Government agree that under the circumstances of this case, the defendant could otherwise be subjected to more severe penalties, including capital punishment.

In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the Court accepts this plea agreement, the Court must include the agreed disposition in the judgment. Pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects this plea agreement or the agreed-upon sentencing stipulation, the defendant shall be afforded the opportunity to withdraw his guilty plea. The defendant understands that he has no right to withdraw his guilty plea as long as the Court imposes a sentence consistent with the terms of the stipulated sentence. The defendant further understands that if the Court rejects the plea agreement or the agreed-upon sentencing stipulation, the Government may deem this plea agreement null and void.

The defendant and the Government further agree that all other aspects of the sentence, including the imposition of any fine and the determination of the length and conditions of

*Michael Sheehan, Esq.*
*Page 7*

supervised release, about which the parties intend to make recommendations, will be left to the discretion of the Court.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

*Michael Sheehan, Esq.*
*Page 8*

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed life in prison, a five-year term of supervised release, a $300 special assessment, and restitution even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to

*Michael Sheehan, Esq.*
*Page 9*

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

*Michael Sheehan, Esq.*
*Page 10*

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense conduct which forms the basis of the superseding indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
UNITED STATES ATTORNEY


JOCELYN COURTNEY KAOUTZANIS
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEYS

Michael Sheehan, Esq.
Page 11

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      4-5-22
ROBERT RALLO                                     Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      4/5/22
MICHAEL SHEEHAN, ESQ.               Date
Attorney for the Defendant

*Michael Sheehan, Esq.*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT [AND RELEVANT CONDUCT]

The parties stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Superseding Indictment.

1. Prior to March 28, 2020, the defendant agreed with Paul Prosano and Thomas Liberatore, two persons who he knew to be convicted felons for crimes of violence and who he knew from having served prison sentences in New York State Correctional Facilities, to rob a jewelry store.

2. On March 28, 2020, Paul Prosano drove the defendant and Thomas Liberatore to Stamford, Connecticut in Rallo's black Jaguar, with New York registration JNV-7311.

3. In Stamford, the three parked in a Dairy Queen parking lot and Rallo and Liberatore changed clothes. Rallo held a loaded semi-automatic firearm (which Liberatore had previously used in the Greenwich robbery) when entering Marco Jewelers. Rallo and Liberatore entered the store at approximately 2:08 p.m.

4. While in the store, Liberatore began gathering jewelry while Rallo held the loaded semi-automatic firearm on Mark Vuono.

5. At some point, the defendant put down his loaded semi-automatic firearm to retrieve items from the black safe, whereupon Mark Vuono crawled up to the chair to grab the firearm.

6. The two then began to struggle for control of the loaded semi-automatic firearm while Mark Vuono grabbed his own revolver in self-defense. As the struggle continued, Rallo pulled out another black firearm that was inside a holster (a Smith & Wesson .357 Magnum Revolver) that Mark Vuono had stored inside the safe.

7. At approximately 2:11 p.m., Liberatore exited the store with two full bags of jewelry.

8. At approximately 2:12 p.m., Rallo began pistol whipping the victim in the head and face. He continued to hit Mark Vuono with the loaded semi-automatic handgun he had brought with him.

9. At approximately 2:14 p.m., Rallo gained full control of the revolver and proceeded to shoot the victim in the head with one shot to the right side using the black S&W .357 revolver belonging to the victim.

10. Rallo was picked up by Prosano (with Liberatore already in the car).

11. The defendants brought the jewelry they had stolen from Marco Jewelers to New York. They divided the jewelry and they went to the Richmond Hotel in Staten Island. Some of them consumed narcotics.

12. The jewelry found in Prosano's BMW X3 and at his house was stolen from Marco Jewelers.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
ROBERT RALLO
The Defendant

_____
JOCELYN COURTNEY KAOUTZANIS
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEYS

_____
MICHAEL SHEEHAN, ESQ.
Attorney for the Defendant

*Michael Sheehan, Esq.*
Page 14

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction (which is $430,000); or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.